21930. SUBER *v.* JOHNSON, executor.

STEPHENS, J. 1. Upon the trial of a suit on a note, which was executed in the year 1913, where one of the makers of the note, ostensibly as a joint principal, pleaded that he was a surety only and had become discharged as such by an increase of his risk because a homestead waiver in the note had become invalid by reason of the note's being infected

with usury without his knowledge, although it appeared without dispute that the defendant was a surety and that the note was given for a loan of money made to his comaker, and was infected with usury in that less than the amount of the principal expressed in the note was paid to the borrower, yet where it appeared from the evidence that the defendant, with his comaker, executed the note in the presence of the payee, and was present when the money was paid to the borrower, and where, in the language of the testimony of the comaker who was the borrower, the witness "guessed" that the defendant saw the payee "count out the" amount of money, and "reckoned" that the defendant knew the amount of money that was paid, and the defendant failed to testify in his own behalf, the inference is authorized that the defendant knew the amount of the note and the amount of the money paid to the borrower, and therefore knew that the note was infected with usury.

2. The verdict for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 22, 1932.

*W. B. Ragan,* for plaintiff in error.
*John T. Coyle, J. O. Gibson,* contra.